UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PHILLIP B., on behalf of A.L.B., a minor child,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,[1]<br><br>　　　　　　　　　Defendant. | NO. 2:18-CV-0317-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 12 and 16). Plaintiff is represented by Dana Madsen. Defendant is represented by Brett Eckelberg. This matter was submitted for consideration without oral argument. The Court has reviewed the administrative

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant pursuant to Fed. R. Civ. P. 25(d).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court **DENIES** Plaintiff's motion and **GRANTS** Defendant's motion.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.* In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**THREE-STEP EVALUATION PROCESS FOR CHILDHOOD DISABILITY**

To qualify for Title XVI supplement security income benefits, a child under the age of eighteen must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The regulations provide a three-step process to determine whether a claimant satisfies the above criteria. 20 C.F.R. § 416.924(a). First, the ALJ must determine whether the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). Second, the ALJ considers whether the child has a "medically determinable impairment that is severe," which is defined as an impairment that

causes "more than minimal functional limitations." 20 C.F.R. § 416.924(c). Finally, if the ALJ finds a severe impairment, the ALJ must then consider whether the impairment "medically equals" or "functionally equals" a disability listed in the "Listing of Impairments." 20 C.F.R. § 416.924(c)-(d).

If the ALJ finds that the child's impairment or combination of impairments does not meet or medically equal a listing, the ALJ must determine whether the impairment or combination of impairments functionally equals a listing. 20 C.F.R. § 416.926a(a). The ALJ's functional equivalence assessment requires the ALJ to evaluate the child's functioning in six "domains." These six domains, which are designed "to capture all of what a child can or cannot do," are as follows:

(1) Acquiring and using information:

(2) Attending and completing tasks;

(3) Interacting and relating with others;

(4) Moving about and manipulating objects;

(5) Caring for self; and

(6) Health and physical well-being.

20 C.F.R. § 416.926a(b)(1)(i)-(vi). A child's impairment will be deemed to functionally equal a listed impairment if the child's condition results in a "marked" limitations in two domains, or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). An impairment is a "marked limitation" if it "interferes seriously

with [a person's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). By contrast, an "extreme limitation" is defined as a limitation that "interferes very seriously with [a person's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i).

## ALJ'S FINDINGS

On February 9, 2016, an application for supplemental security income benefits under Title XVI of the Social Security Act was filed on Plaintiff's[2] behalf, alleging a disability onset date of September 1, 2015. Tr. 145-54. The application was denied initially, Tr. 78-80, and on reconsideration, Tr. 87-89. Plaintiff's father appeared at a hearing before an administrative law judge (ALJ) on September 19, 2017. Tr. 35-59. On January 4, 2018, the ALJ denied Plaintiff's claim. Tr. 12-29.

As a preliminary matter, the ALJ noted that Plaintiff was an older infant on the date the application was filed and was a preschooler at the time of the ALJ's decision. Tr. 18. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the date Plaintiff's application was filed. *Id.* At step two, the ALJ found Plaintiff had the severe impairment of attention deficit hyperactivity disorder (ADHD). *Id.* At step three, the ALJ found that Plaintiff did

---

[2] Although her father is the named plaintiff in court filings, this Order will refer to the minor child as "Plaintiff."

not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 19. The ALJ then determined that Plaintiff did not have an impairment or combination of impairments that functionally equals the severity of the listings. *Id.* As a result, the ALJ concluded that Plaintiff was not disabled, as defined in the Social Security Act, since February 9, 2016, the date the application was filed. Tr. 26.

On August 14, 2018, the Appeals Council denied review, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly discredited the lay opinion evidence; and
2. Whether the ALJ's evaluation of the functional equivalence domains is supported by substantial evidence.

ECF No. 12 at 10-11.

## DISCUSSION

**A. Lay Opinion Evidence**

Plaintiff challenges the ALJ's evaluation of her father's testimony. ECF No. 12 at 14-15.

An ALJ must consider the statement of lay witnesses in determining whether a claimant is disabled. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006). Lay witness evidence cannot establish the existence of medically determinable impairments, but lay witness evidence is "competent evidence" as to "how an impairment affects [a claimant's] ability to work." *Id.* (citation omitted); 20 C.F.R. § 416.913; *see also Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993) ("[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition."). If a lay witness statement is rejected, the ALJ "'must give reasons that are germane to each witness.'" *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citing *Dodrill*, 12 F.3d at 919).

Plaintiff's father appeared at the hearing and testified to Plaintiff's functioning. Tr. 45-59. Plaintiff's father testified that Plaintiff had anger issues, that Plaintiff would become more aggressive from frustration than other children, that Plaintiff had a consistent problem with listening, that Plaintiff's father had to give Plaintiff multiple reminders to do or not do things, that Plaintiff

inappropriately demanded attention, that Plaintiff had to be consistently reminded to brush her teeth and clean herself, that Plaintiff refused to cooperate, that Plaintiff was hyperactive, that small things or a lack of attention would frustrate Plaintiff, and that Plaintiff would have temper tantrums at home and in public. Tr. 45-56. The ALJ found this testimony was not entirely consistent with the evidence in the record. Tr. 20.

The ALJ found Plaintiff's father's statements were inconsistent with other observations documented in the record. Tr. 20. Inconsistency with other evidence in the record is a germane reason to discount lay witness testimony. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005); *Lewis v. Apfel*, 236 F.3d 503, 511-12 (9th Cir. 2001). Here, the ALJ observed the consultative examiner found Plaintiff was "mostly" cooperative during the examination. Tr. 20; *see* Tr. 229. Plaintiff's treatment notes documented normal attention span and concentration. Tr. 20; *see* Tr. 338. Although Plaintiff's school records documented disciplinary history, there was no evidence in the record that Plaintiff's behavior required an individualized education plan. Tr. 20; *see* Tr. 217-18. Furthermore, Plaintiff's caretakers did not report behavioral problems during Plaintiff's medical appointments. Tr. 20; *see* Tr. 331-349. This was a germane reason, supported by substantial evidence, to give less weight to Plaintiff's father's testimony.

Plaintiff challenges the ALJ's conclusion by asserting that Plaintiff's father's testimony was in fact consistent with the school records. ECF No. 12 at 15. The Court may not reverse the ALJ's decision based on Plaintiff's disagreement with the ALJ's interpretation of the record. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) ("[W]hen the evidence is susceptible to more than one rational interpretation" the court will not reverse the ALJ's decision). The ALJ's conclusion is based on a rational interpretation of the evidence. Plaintiff is not entitled to relief on these grounds.[3]

---

[3] Plaintiff also appears to argue here that the ALJ failed to develop the record, by stating that the ALJ did not question the medical expert about the functional equivalence domains. ECF No. 12 at 15. Plaintiff cites no legal authority and develops no argument on this issue. *Id.* "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to … put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Because Plaintiff failed to develop this argument with any specificity, it is waived. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

### B. Functional Equivalence Domains

Plaintiff challenges the ALJ's evaluation of the functional equivalence domains, alleging the ALJ's findings are not supported by substantial evidence. ECF No. 12 at 11-14. Specifically, Plaintiff argues the ALJ should have weighed the evidence differently and should have found Plaintiff had marked limitations in acquiring and using information, attending and completing tasks, interacting and relating with others, caring for self, and health and physical well-being. *Id.* at 13-14.

In evaluating the domain of acquiring and using information, the ALJ considers how well the child is able to acquire or learn information, and how well the child uses the information she has learned. 20 C.F.R. § 416.926a(g). The ALJ found Plaintiff had no limitation in this domain. Tr. 21. In support of this finding, the ALJ noted Plaintiff's medical progress notes described her as smart and that Plaintiff's father testified that she did not have any problems learning. Tr. 21; *see* Tr. 56, 337.

In evaluating the domain of attending and completing tasks, the ALJ considers how well the child is able to focus and maintain attention, and how well the child can begin, carry through, and finish activities, including the pace at which activities are performed and the ease with which the child changes activities. 20 C.F.R. § 416.926a(h). The ALJ found Plaintiff had less than marked limitation in

this domain. Tr. 22. In support of this finding, the ALJ noted the consultative examiner observed Plaintiff to be "mostly" cooperative and that Plaintiff's medical records documented normal attention span and concentration. Tr. 22; *see* Tr. 229, 338.

In evaluating the domain of interacting and relating with others, the ALJ considers how well the child is able to initiate and sustain emotional connections with others, develop and use the language of the community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others. 20 C.F.R. § 416.926a(i). The ALJ found Plaintiff had less than marked limitation in this domain. Tr. 23. In support of this finding, the ALJ observed Plaintiff's history of school discipline and Plaintiff's father's report that she had violent reactions to being ignored or denied what she wanted. Tr. 23; *see* Tr. 53-54, 217-18. However, the ALJ also noted Plaintiff's treatment notes documented appropriate interactions and communication with others. Tr. 23; *see* Tr. 228-29, 337-38.

In evaluating the domain of caring for self, the ALJ considers how well the child maintains a healthy emotional and physical state, including how well the child satisfies her physical and emotional wants and needs in appropriate ways, how the child copes with stress and changes in their environment, and whether the child takes care of their own health, possessions, and living area. 20 C.F.R. §

416.926a(k). The ALJ found Plaintiff had no limitation in her ability to care for herself. The ALJ observed there was no evidence in the record that Plaintiff had any difficulty taking care of her own physical needs, including dressing and feeding herself independently. Tr. 25.

In evaluating the domain of health and physical well-being, the ALJ considers the cumulative physical effects of physical and mental impairments and any associated treatments or therapies on the child's health and functioning that were not considered in the evaluation of the child's ability to move about and manipulate objects. 20 C.F.R. § 416.929a(l). The ALJ found Plaintiff had no limitation in this domain. Tr. 26. The ALJ observed that Plaintiff was occasionally treated for urinary tract infections and that she was diagnosed as being mildly lactose intolerant, but that there was no evidence in the record that these conditions more than minimally affected Plaintiff's health and sense of physical well-being. Tr. 26; *see* Tr. 331-49.

Plaintiff challenges the ALJ's findings in these domains by referring to Plaintiff's school records and her father's testimony and arguing that the ALJ should have interpreted this evidence to find marked limitations in all five of the challenged domains. ECF No. 12 at 13-14. The reviewing court's role is to review the Commissioner's decision for a lack of substantial evidence or for legal error. *Hill*, 698 F.3d at 1158. The reviewing court is not a finder of fact. *Fair v. Bowen*,

885 F.2d 597, 604 (9th Cir. 1989). Plaintiff's argument does not address the ALJ's evaluation of the evidence, and instead urges the Court to reconsider the evidence and interpret it in Plaintiff's favor. ECF No. 12 at 13. This request is outside this Court's scope of review. *Hill*, 698 F.3d at 1158. Plaintiff is not entitled to relief on these grounds.[4]

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 12) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 16) is **GRANTED**.

---

[4] Plaintiff also asserts for the first time in her reply brief that the ALJ's evaluation of the functional equivalence domains is unsupported because the ALJ improperly weighed the medical opinion evidence. ECF No. 17 at 6. The Court may not consider on appeal issues not "specifically and distinctly argued" in the party's opening brief. *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (citation omitted). Plaintiff has therefore waived argument on the issue.

The District Court Executive is directed to update the docket to reflect the Commissioner's name, enter this Order, enter judgment accordingly, furnish copies to counsel, and close the file.

DATED October 4, 2019.



THOMAS O. RICE
Chief United States District Judge